# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1493V
Filed: October 6, 2017
UNPUBLISHED

|  |  |
|---|---|
| JANE M. STUART,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 9, 2015, Jane M. Stuart ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") caused by an influenza ("flu") vaccine she received on October 30, 2014. On May 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 39.)

On July 17, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 43.) Petitioner requests attorneys' fees in the amount of $48,454.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $3,059.66.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $51,513.66.

On July 18, 2017, respondent filed a response to petitioner's motion.  (ECF No. 44.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.  Petitioner did not file a reply.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Humans Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the hourly rates for the McLaren firm.  On July 21, 2017, the undersigned issued another reasoned decision in *Day v. Sec'y of Health & Human Servs.*, No. 16-888V, (Fed. Cl. Spec. Mstr. July 21, 2017), increasing the rates for the attorneys and paralegals in the McLaren firm for work performed in 2017.  The undersigned adopts the reasoning in both the *Henry* and *Day* decisions for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  However, consistent with *Henry* and *Day, supra*, the undersigned reduces the award to reflect the following:

- Ms. Garcia billed 18.70 hours at a rate of $150 for work performed in 2016, and 0.40 hours at a rate of $155 for work performed in 2017.   The undersigned reduces the hours billed in 2016 to the rate of $145 per hour as discussed in *Henry*, and the hours billed in 2017 to $148 per hour as discussed in *Day*, resulting in a total reduction of $96.30.

- Ms. Ward billed 19.10 hours at a rate of $150 for work performed in 2016, and 6.90 hours at a rate of $155 for work performed in 2017.  The undersigned reduces the hours billed in 2016 to the rate of $145 per hour as discussed in *Henry*, and the hours billed in 2017 to $148 per hour as discussed in *Day*, resulting in a total reduction of $143.80.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 170.6 total hours): | $48,454.00 |
| Less 2017 rate reduction for Ms. Garcia: | -$96.30 |
| Less 2017 rate reduction for Ms. Ward: | -$143.80 |
| Adjusted total: | $48,213.90 |
| Costs: | $3,059.66 |
| **Total Attorneys' Fees and Costs Awarded:** | **$51,273.56** |

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $51,273.56[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William E. Cochran, Jr., Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.